UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARVIN E MOYE, *et al*, | § | |
| | § | |
| Appellants, | § | |
| VS. | § | CIVIL ACTION NO. H-10-4531 |
| | § | |
| LOWELL T CAGE, | § | |
| | § | |
| Appellee. | § | |

## OPINION AND ORDER

Appellants Ronald Hinds and Reyna, Hinds & Crandall ("Hinds") appeal from an order of the United States Bankruptcy Court in the Southern District of Texas ("Bankruptcy Court"). Doc. 484, Order Awarding Sanctions and Setting Hearing on Quantum, *In re Marvin E. Moye*, No. 07-BR-37770 (Bankr. S.D. Tex. October 28, 2010). Appellee Lowell T. Cage ("Cage"), Chapter 7 Trustee for the bankruptcy estate of Marvin and Joan Moye d/b/a/ JMW Auto Sales, moves to dismiss for lack of subject-matter jurisdiction. (Doc. 8.) Appellants did not respond. For the reasons that follow, the Court finds that Appellee Cage's motion should be granted.

I.  Background and Relevant Facts

The basic facts of the underlying dispute were set forth by Judge Rosenthal in a Memorandum and Opinion affirming the Bankruptcy Court. Doc. 6, *In re Marvin E. Moye*, No. H-09-CV-2747 (S.D. Tex. August 17, 2010); *See also Luis Garcia v. Lowell T. Cage*, No. H-10-CV-4829 (S.D. Tex. April 6, 2011).

Marvin and Joan Moye (the "Moyes") operated a used car business called JMW Auto Sales. Doc. 6 at 1, *In re Marvin E. Moye*. The Bankruptcy Court described the Moyes' used-car dealings as "an elaborate Ponzi scheme." *Id.* at 6. On October 31, 2007, an involuntary Chapter 7 petition was filed against JMW Auto Sales. *In re JMW Auto Sales*, No. 07-BR-37364 (Bankr.

S.D. Tex.).   On November 6, 2007, a voluntary Chapter 7 petition was filed by the Moyes.
Doc. 1, *In re Marvin E. Moye*, No. 07-BR-37770 (Bankr. S.D. Tex. October 28, 2010).   Cage
was appointed Chapter 7 trustee in the Moyes' bankruptcy case.   On November 9, 2007, the
Bankruptcy Court entered an agreed order for relief in the JMW bankruptcy case.   Doc. 16, *In re
JMW Auto Sales*.   Cage was appointed Chapter 7 trustee in the JMW case.   On December 3,
2007, the Bankruptcy Court entered an order for joint administration of the JMW and Moye
cases.   Doc. 25, *Id.*

Hardy Rawls Enterprises, LLC ("HRE") financed some of the Moyes' inventory, but
failed to secure its interest by filing UCC liens against the Moyes' inventory.   Doc. 6 at 2, *In re
Marvin E. Moye*, No. H-09-CV-2747.   On April 7, 2008, Ronald Hinds and Reyna Hinds &
Crandall entered an appearance as counsel for HRE in the consolidated case.   Doc. 114, *In re
Marvin E. Moye*, No. 07-BR-37770.   HRE contended that its possession of certificates of title to
certain vehicles secured its loans given on those vehicles.   On May 20, 2008, HRE filed a proof
of claim, Proof of Claim No. 60, in the amount of $1,756,012.00.   Ronald Hinds signed the claim
on behalf of HRE.

On July 16, 2008, Appellee Cage filed an objection to HRE's claim.   Doc. 182, *Id.*   On
July 25, 2008, Cage filed an amended objection to the claim.   Doc. 191, *Id.*   On August 14, 2008
Cage filed a motion for sanctions, pursuant to Federal Rule of Bankruptcy Procedure 9011(c).
Doc. 196, *Id.*

On July 22, 2009 the Bankruptcy Court entered an order disallowing HRE's claim.
Doc. 348, *Id.*

On August 17, 2010, U.S. District Judge Rosenthal affirmed the Bankruptcy Court's
decision.   Doc. 6, *In re Marvin E. Moye*, No. H-09-CV-2747.

On October 27, 2010, the Bankruptcy Court held a hearing on Cage's motion for sanctions against Hinds, and entered an order finding:

> Ronald Hinds and Reyna, Hinds, & Crandall violated FRBP 9011(b) by filing Proof of Claim No. 60 and by advocating the position taken in that proof of claim, i.e.[,] that their client, Hardy Rawls Enterprises, LLC held a security interest in certain property of the estate. The Court further finds that the appropriate sanction is an order directing payment to the Trustee of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation.  . . . .   The Court will hold a hearing to determine the amount of that sanction.

Doc. 484, Order Awarding Sanctions and Setting Hearing on Quantum, *In re Marvin E Moye*, No. 07-BR-37770.

On November 10, 2010, Hinds filed the instant appeal of the Bankruptcy Court's sanction order.  Doc. 488, *Id.*

On December 3, 2010, the Bankruptcy Court held a second hearing to determine the amount of sanctions that would be awarded to Cage.  Doc. 508, *Id.*  On December 6, 2010, the Bankruptcy Court entered an order awarding sanctions in the amount of $23,255.00 against Hinds:

> Document # 484 is the Court's order for sanctions, which also set a hearing on quantum.  For  reasons set forth at the hearing on quantum conducted on December 3, 2010, the order for sanctions (document #484) is vacated for the entry of this order.
>
> . . .
>
> For reasons assigned at the hearing on December 3, 2010, the Court imposes sanctions in the amount of $23,255.00, and directs Ronald Hinds and the law firm of Reyna, Hinds, & Crandall to pay that amount to the Chapter 7 Trustee.

Doc. 507, Order Vacating and Amending Order Awarding Sanctions, *Id.*  Hinds did not appeal the second sanctions order.

Appellee Cage now moves to dismiss the appeal for lack of subject-matter jurisdiction.

3 / 8

(Doc. 8.)

II.  Standard of Review

Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes the filing of a motion to dismiss a case for lack of subject-matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  A lawsuit must be dismissed for lack of subject-matter jurisdiction "when the court lacks the statutory or constitutional power to adjudicate the case."  *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (internal quotation marks and citation omitted).  The party seeking to litigate in federal court bears the burden of establishing subject-matter jurisdiction.  *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)).

The district court has jurisdiction over the bankruptcy appeals pursuant to 28 U.S.C. § 158(a)(1).  An appeal from a bankruptcy court to a district court is "taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts."  28 U.S.C. § 158(c)(2).  Thus, a district court applies the same standard of review that a circuit court would employ.  *In re Killebrew*, 888 F.2d 1516, 1519 (5th Cir. 1989).  Specifically, the Court reviews findings of fact by the bankruptcy court under the clearly erroneous standard and reviews issues of law and mixed questions of law and fact de novo.  *Universal Seismic Assocs. Inc. v. Harris County*, 288 F.3d 205, 207 (5th Cir. 2002).  The question here is a mixed question of fact and law and therefore subject to de novo review.  *See U.S. Abatement Corp. v. Mobil Exploration and Producing U.S., Inc.*, 79 F.3d 393, 397–98 (5th Cir. 1996); *Heartland Fed. Sav. & Loan Ass'n v. Briscoe Enter., Ltd. III*, 994 F.2d 1160, 1163 (5th Cir. 1993).

III.  Discussion

Hinds challenge the Bankruptcy Court's finding that they violated FRBP 9011(b), which

states:

> (b) Representations to the court.
>
> By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Fed. Bankr. R. 9011(b).  Appellants argue that:

> to the best of Appellant's knowledge, information and belief, formed after an inquiry reasonable under the circumstances, (1) the proof of claim had as its sole purpose the protection of Appellants' client and was not presented for any improper purpose; (2) the proof of claim was warranted by existing law or by a nonfrivolous argument for the extension, modification or reversal of existing law or the establishment of new law; (3) the proof of claim had full evidentiary support; and (4) there was no issue of unwarranted denial of factual contentions.

(Appellants' Br. at 6, Doc. 9.)

Appellee Cage argues that the appeal must be dismissed because the order appealed was an interlocutory order, not a final order.  (Appellee's Mot. to Dismiss at 4, Doc. 8.)  An order is considered final in a bankruptcy case when there has been a "final determination of the rights of the parties to secure the relief they seek."  *In re Bartee*, 212 F.2d 277, 282 (5th Cir. 2000).  The Bankruptcy Court's order appealed here was clearly not a final order.  Doc. 484, Order Awarding

Sanctions and Setting Hearing on Quantum, *In re Marvin E Moye*, No. 07-BR-37770.  While the order appealed here found that Appellants violated FRBP 9011(b) and that an award of sanctions was appropriate pursuant to FRBP 9011(c), the order did not fully adjudicate the issue.  The Bankruptcy Court issued a subsequent order vacating and amending the order appealed here.  Order Vacating and Amending Order Awarding Sanctions, Doc. 507, *Id.*  Appellants did not appeal the final order.

The Court has jurisdiction over interlocutory orders only if the appellant seeks leave to appeal.  28 U.S.C. § 158(a).  A party must file a motion for leave to appeal an interlocutory order.  Fed. Bankr. R. 8003(a).  Nevertheless, an appeal improperly taken can be regarded as a motion for leave to appeal.  Fed. Bankr. R. 8003(c).  Although the district court may grant leave to appeal a bankruptcy court's interlocutory order, Section 158(a) does not indicate what standard to apply when evaluating whether to grant such leave.  *Matter of Ichinose*, 946 F.2d 1169, 1177 (5th Cir. 1991); *In re Klein*, 70 B.R. 378, 380 (N.D. Ill.1987).  While not explicitly adopting the test, the Fifth Circuit has acknowledged that "the vast majority of district courts faced with the problem have adopted the standard under 28 U.S.C. § 1292(b) for interlocutory appeals from district court orders."  *Ichinose*, 946 F.2d at 1177 (citing *In re Neshaminy Office Bldg. Assoc.*, 81 B.R. 301, 302–03 (E.D. Pa. 1987); *In re Hunt Int'l Resources Corp.*, 57 B.R. 371, 372 (N.D. Tex. 1985)).

The standard for interlocutory appeals under 28 U.S.C. § 1292(b) consists of three elements: "(1) a controlling issue of law must be involved; (2) the question must be one where there is substantial ground for difference of opinion; and (3) an immediate appeal must materially advance the ultimate termination of the litigation."  *Id.* (citing *Neshaminy*, 81 B.R. at 303).  "The purpose of § 1292(b) is to provide for an interlocutory appeal in those exceptional

cases" where the three part test is satisfied.  *U.S. v. Garner*, 749 F.2d 281, 286 (5th Cir. 1985).

Courts hear interlocutory appeals only under circumstances that justify overriding the general

policy disallowing such appeals.  *See In re Searex Enegry Servs., Inc.*, 2009 WL 2868243, *1

(E.D. La. 2009); Powers v. Montgomery, 1998 WL 159944 (N.D. Tex. 1998).  In order for the

court to hear such an appeal, the appellant must present a precise statement of the controlling

issue of law with a "brief argument showing the grounds for the asserted difference of opinion

and the way in which the allowance of the petition would 'materially advance the ultimate

termination of the litigation.'"  *Clark-Dietz and Assocs.-Eng'rs, Inc. v. Basic Constr. Co.*, 702

F.2d 67, 69 (5th Cir. 1983) (quoting *In re Heddendorf*, 263 F.2d 887, 889 (1st Cir. 1959)).

Here, Appellants made no attempt to explain why the Court should consider an

interlocutory appeal of the Bankruptcy Court's order, which has since been vacated by a final

order.  Granting leave to appeal the Bankruptcy Court's interlocutory order will not materially

advance the ultimate determination of this case.  After considering the three criteria for

interlocutory appeals under 28 U.S.C. § 1292(b), the Court finds no reason to grant leave to

appeal the interlocutory order.

Even if the Court were to grant Appellants leave to appeal the Bankruptcy Court's final

sanctions order, their appeal would still fail on the merits.  Appellants contend that "the

Bankruptcy Court declined to read or consider the applicable opinions of the Western District of

Texas, the Bankruptcy Courts of Arkansas and Indiana, Barkley Clark and others."  (Appellants'

Br. at 4, Doc. 9.)  Appellants rely in particular on *Wells Fargo Equipment Finance v. Rodriguez,*

*Ch. 7 Trustee (In re Clark Contracting Servs., Inc.)*, No. SA-09-CV-726-FB (W.D. Tex. April

14, 2010).  Appellants argue that *Wells Fargo* stands for the proposition that "successor

assignees of perfected security interests in vehicle collateral enjoy the perfected status of the

original lienholders without the need for an additional Texas Certificate of Title Act title filing or an Article 9 filing." (Appellants' Br. at 9.) Here, however, neither HRE nor its predecessor in interest filed a financing statement perfecting its interest in the vehicles. The finding in *Wells Fargo* is therefore inapposite. The Court can find no error in the interlocutory or final orders of the Bankruptcy Court that Appellants attempt to here appeal.

## IV.  Conclusion

Accordingly, the Court hereby **ORDERS** that Appellee Lowell T. Cage's Motion to Dismiss for Lack of Subject-Matter Jurisdiction (Doc. 8) is **GRANTED**.

SIGNED at Houston, Texas, this 8th day of August, 2011.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE

8 / 8